**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00446-RM-STV

WILEYGREEN, LLC,

      Plaintiff

v.

KHONA LABS, LLC; STONEHAUS LABS, LLC; BALLINAF, LLC; MATTHEW TROYER; and DOES 1-10,

      Defendants

---

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REAL PARTY IN INTEREST**

---

Defendants Khona Labs, LLC, Stonehaus Labs, LLC, BallinAF, LLC, and Matthew Troyer (collectively referred to herein as "Khona"), through their counsel McFarland Litigation Partners, LLC, respectfully submit this Motion for Partial Summary Judgment Regarding Real Party in Interest.  As their motion, Khona states as follows:

**PRELIMINARY STATEMENT**

Through this action, Plaintiff WileyGreen LLC ("WileyGreen") states that it is entitled to recover damages from Khona in the form of broker fees totaling more than $330,000.  However, as established below, WileyGreen seeks to improperly recover damages for certain individual brokers who are not parties to this case.  Therefore, pursuant to the real party in interest doctrine,

any recovery by WileyGreen must be limited to the broker fees it might individually be entitled to receive and should not include any amounts that might be owed to other nonparties.[1]

WileyGreen is a broker in the hemp/CBD industry. As such, it contracted to find buyers for the products sold by Khona. (MSUMF No. 1). The MOU solely named, and was executed by, Khona and WileyGreen. *Id.* In conjunction with the MOU, Khona agreed to pay broker fees to WileyGreen and others who provided it with a qualified buyer for its product. (MSUMF No. 2). WileyGreen (through Bruce Watkins) and two other individual brokers, Don Lay ("Lay") and Joe Polizzi ("Polizzi"), brought Khona a purported qualified buyer, KushCo Holdings ("KushCo"). *Id.* In return, Khona agreed to make payments to the brokers based on a dollar amount per pound for product purchased by KushCo; specifically, Khona agreed to pay $3.50/pound to Bruce Watkins c/o WileyGreen, $2.00/pound to Lay, and $2.00/pound to Polizzi. *Id.* Likewise, Khona itself was to receive $2.00/pound. *Id.* Thus, of the total profits to be realized, WileyGreen expected 37%, and Lay, Polizzi, and Khona each expected 21%.

Once Khona began receiving payments from KushCo in August 2019, Khona sent separate and independent payments directly to WileyGreen, Lay, and Polizzi reflecting their respective broker fees. (MSUMF No. 3). This procedure was consistently followed until later in the fall of 2019, when KushCo defaulted on its payments to Khona. Khona subsequently commenced litigation against KushCo and received full payment for its product. (MSUMF Nos. 5 and 6). In the interim, however, Khona incurred $351,440 in late fees, penalties, and interest imposed by CBDermaceuticals ("CBDerm"), the agent acting for the farmer who had produced

---

[1] Khona disputes that Plaintiff, or the nonparties identified herein, are entitled to recover any damages. As such, this motion only addresses the damages that Plaintiff theoretically could recover in the unlikely event it is successful on any of its claims.

the hemp provided by Khona to KushCo.  (MSUMF No. 7).  This left Khona short of the funds

anticipated for payment to the brokers.  Notably, WileyGreen explicitly acknowledged its

obligation to share in the shortfall pursuant to industry standards for such procurement contracts.

(MSUMF No. 8)

As a result, none of the middle-men in the deal received their expected profits, including

Khona.  At the time of KushCo's default, Lay and Polizzi had each received $112,000, and

WileyGreen had received $196,000.  (MSUMF No. 9).  After reaching its settlement with

KushCo, Khona paid WileyGreen an additional "good faith" $53,000.  *Id.*  Khona does not

believe that WileyGreen shared any of those proceeds with Lay or Polizzi.

Now, however, WileyGreen demands payment of the shortfall in profits it previously

agreed to shoulder, as well as payment of the shortfalls incurred by Lay and Polizzi from

KushCo's default and CBDerm's imposition of penalties.  (MSUMF No. 4).  WileyGreen is the

only named Plaintiff, and the only individual associated with WileyGreen is Bruce Watkins.

(MSUMF Nos. 1 and 2).  WileyGreen is not the real party in interest as to any amounts

theoretically due to Lay and Polizzi and has no entitlement to their damages in this lawsuit.

Khona has consistently taken the position that WileyGreen's claims are thus limited by the real

party in interest doctrine.  (MSUMF No. 10).

The propriety of this position was confirmed by WileyGreen's own discovery responses.

When asked about the relationship of each broker to WileyGreen, WileyGreen answered that

Davcom (Bruce Watkins's entity) is affiliated with WileyGreen and Das Distributions (Lay's

company) and Polizzi "were involved in the transaction from the Plaintiff's side."  (MSUMF No.

4).  In other words, Lay and Polizzi were not members or even affiliates of WileyGreen, but were

independent brokers involved in the contract with Khona.  There is no factual nor legal basis on

which WileyGreen is entitled to prosecute Lay's or Polizzi's theoretical breach of contract claims.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Voodoo Leatherworks, LLC v. Waste Connections US, Inc.*, 2022 WL 3027742 at * 3 (D. Colo. Aug. 1 2022).    To show that a fact cannot be genuinely disputed, the movant must cite to particular parts of or materials in the record, including depositions, documents, electrically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment may be granted if no rational trier of fact could find for the nonmoving party. *Losasso v. Toter*, 2008 WL 681467, at * 1 (D. Colo. Mar. 7, 2022).

To defeat a motion for summary judgment, the nonmoving party's evidence must be based on more than mere speculation, conjecture, or surmise. *Voodoo Leatherworks*, 2022 WL 3027742 at *3. Once a movant carries its initial burden of making a prima facia demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.*

**ARGUMENT**

**WileyGreen is Not the Real Party In Interest with Respect to the Damages it Seeks to Recover in this Action Purportedly Due to Lay and Polizzi**

Pursuant to F.R.C.P. 17(a), "[a]n action must be prosecuted in the name of the real party in interest." *See, Doe v. Regents of Univ. of Colo.*, 2022 WL 1468071 at * 4 (D. Colo. May 9, 2022). In a diversity case, a federal district court must look to the substantive law of the state in

4

which it is located to determine whether a complainant is the real party in interest. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

Under Colorado law, a real party in interest is that party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question. *Goodwin v. District Court In and For Sixteenth Judicial District*, 779 P.2d 837, 843 (Colo. 1989). When the real party in interest is at issue, the question is to determine who possesses the right to assert the claim. *CO2 Committee, Inc. v. Montezuma County,* 491 P.3d 516, 530 (Colo. App. 2021).

Here, WileyGreen seeks to recover damages purportedly due to Lay and Polizzi that it has no right to invoke the Court's aid to recover under the contract. In particular, WileyGreen asserts it is entitled to recover *all* broker fees ($330,000) that might be owed under the contract for the sale of product at issue.

However, as established above, it cannot be disputed that WileyGreen is, at best, only entitled to a little less than half that amount. Instead, Lay and Polizzi, nonparties to this action, are the real parties in interest under the contract who may potentially invoke the Court's aid regarding the other half of any recoverable broker fees.

Moreover, the contract does not provide WileyGreen with the right to assert claims and to recover damages for Lay or Polizzi. In fact, when payments came in to Khona, it disbursed broker fees directly to WileyGreen, Lay, and Polizzi separately and based on the amounts due to each of them as set out in the contract. As such, only Lay and Polizzi possess the right to assert claims for any broker fees that might be due to them.

WHEREFORE, Khona requests an order stating that WileyGreen is not the real party in interest with respect to damages that might be owed to Lay and/or Polizzi.

5

Dated this 14th day of October, 2022.

Respectfully submitted,

s/ *Frederick T. Winters*
Frederick T. Winters
Cyd Hunt
M. Gabriel McFarland
MCFARLAND LITIGATION PARTNERS, LLC
910 13th St., Suite 200
Golden, Colorado 80401
303.279.8300
fwinters@mcfarland.law
cyd@mcfarland.law
gabe@mcfarland.law

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE  OF SERVICE

I hereby certify that on October 14, 2022, a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REAL PARTY IN INTEREST** has been filed with the Clerk of Court using the CM/ECF system with a copy served upon the following:

Brendan Ozanne
Dawson & Ozanne
brendan@dawson-ozanne.com

s/Gina Bowermaster
Gina Bowermaster

6