**EXHIBIT 6**

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered into as of March 3, 2020 (the "Effective Date"), between Khona Pharms, LLC, a/k/a Khona Farms, LLC, a Colorado company ("Plaintiff"), and KushCo Holdings, Inc, a Nevada Company, ("Defendant"). Plaintiff and Defendant are referred to herein collectively as the "Parties."

### RECITALS

A.      Plaintiff sold Defendants goods on credit, where final payment was due in October of 2019, pursuant a purchase order.

B.      Defendant did not make payment, and the Parties entered into a Promissory Note, dated as of December 17, 2019 (the "Promissory Note"), in the face amount of $1,488,000 and which set forth repayment terms, where such terms included, among others, late fees, default interest and attorneys' fees.

C.      In connection with the Promissory Note, the Parties entered into a Security Agreement, dated as of December 17, 2019 (the "Security Agreement"), which secured payment of the Promissory Note against certain collateral located in the state of Kentucky.

D.      Defendant made the first two (2) required payments under the Promissory Note, but did not make the next required payment based on, among other things, further settlement discussions with Plaintiff.

E.      Plaintiff filed a lawsuit against Defendant in the Arapahoe County Colorado District Court (the "Court"), Case No. 2020CV030437, which alleged causes of action arising out of failure to make the required payments (the "Lawsuit"). Defendant may seek to remove the Lawsuit to federal court in the state of Colorado based on diversity jurisdiction.

F.      In order to avoid the expense, burden and delay of further litigation, and without admitting or acknowledging liability, the Parties wish to resolve and settle all claims or potential claims existing between each other, whether known or unknown and regardless of whether a claim was asserted in the Lawsuit.

G.      The Parties freely and voluntarily enter into this Agreement for that purpose.

### AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing Recitals and the mutual promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

1

KL – 00004

**Payment.** Defendant shall pay Plaintiff $1,380,000 to be received by Plaintiff no later than NOON (MT) on Wednesday, March 4, 2020, via Wire Transfer to Plaintiff's counsel pursuant to previously provided wire instructions (the "Settlement Amount"). If such payment is not received the date set forth in the preceding sentence, this Settlement Agreement is Void.

1. **Satisfaction of Amounts Claimed Due.** Upon execution of this Agreement and the full and timely payment of the Settlement Amount due hereunder, Plaintiff will file as soon as reasonably practicable, a Motion to Dismiss, a draft copy of which is attached as Exhibit 1, with the Court.

2. **Release of All Claims.** As a material condition and as valuable consideration for this Agreement, the Parties named herein, on behalf of themselves and any current, past, and future directors, officers, employees, shareholders, partners, agents, attorneys, predecessors, successors, parent and subsidiary entities, insurers, affiliates, and assigns, hereby release and forever relinquish any and all charges, complaints, claims, promises, agreements, controversies, suits, demands, costs, losses, debts, actions, causes of action, damages, judgments, obligations, liabilities and expenses of whatever kind and character, known or unknown, suspected or unsuspected, including any claims for late fees, default interest and attorneys' fees and costs. This release encompasses release of any claim for relief that the Parties could assert against each other from state or federal common laws, state or federal statute, state or federal regulation, or any other source of law, including but not limited to any claim that was or could have been asserted (including, without limitation, in the Lawsuit, purchase order, Security Agreement, Promissory Note, or other writing), whether known or unknown.

3. **Termination of Security Interest.** The Security Agreement and Promissory Note are each hereby terminated upon the execution of this Agreement and payment of the Settlement Amount. Any potential claims in connection with such agreements are hereby and forever released under Section 3 of this Agreement.

4. **Unknown Damages, Injuries, or Other Losses.** The Parties acknowledge that they may not be aware of the full nature and extent of any injuries and damages and that they willingly assume the risk of any known injuries or damages in return for the promises contained herein. The Parties expressly assume the risk of any mistake of fact whether past, presently existing, or arising in the future, as to the nature and/or extent of any injury of whatever nature any Party may claim as a result of the events that form the basis for the Lawsuit, regardless of whether such injuries, losses, or damages have previously been disclosed or discovered by the Parties. It is understood and agreed by Plaintiff that the settlement is a compromise of doubtful and disputed claims and that no portion of the terms of the settlement shall be construed as an admission of liability by a Party hereto.

5. **Counsel.** Each Party voluntarily executes this Agreement after having read it and receiving independent legal advice from its attorney(s) with respect to the terms

KL – 00005

of and legal consequences of making the settlement provided for herein and with respect to the execution of this Agreement. The Parties and their respective counsel have reviewed this Agreement and agree that any rule of construction that would require an ambiguity, if any, in this Agreement to be resolved against the drafter shall not be employed in the interpretation of this Agreement.

6.    **Attorney's Fees and Costs.** Defendant agrees and acknowledges the Promissory Note referenced herein has an attorney's fee provision, however Plaintiff agrees and acknowledges that upon Defendant's payment of the Settlement Amount, such provision shall no longer apply and Defendant will not be responsible for any of Plaintiff's costs and attorney's fees (including default interest) beyond what is included in the Settlement Amount. In the event Defendant does not pay the Settlement Amount in full and on time, then and only then will Defendant be responsible for all such costs, fees, and interest until the Promissory Note is paid in full. In the event that any Party shall institute any action or proceeding against another Party to enforce the provisions of this Agreement, the prevailing Party shall be entitled to recover their expenses, including reasonable attorneys' fees, in addition to any other relief to which the Party is found entitled

7.    **No Admission.** The Parties understand and agree that nothing in this Agreement is intended, or should be construed, as an admission of any liability, misconduct or wrongdoing by Defendant, or as an admission of any violation of the rights of Plaintiff or any other person.

8.    **Non-reliance.** The Parties assume any and all risks that the facts and law may be or will become different from the facts and law as known to, or believed to be known by, the Parties as of the Effective Date.

9.    **Binding Effect.** This Agreement shall be binding upon the Parties hereto, their predecessors, successors and assigns.

10.    **Entire Agreement.** This Agreement, together with the other documents executed and delivered in connection herewith or pursuant hereto, contain the entire and complete understanding of the Parties and supersedes all previous verbal and written agreements; there are no other agreements, representations, or warranties not set forth herein.

11.    **Severability.** In the event any term of this Agreement is unenforceable, then such unenforceable term if possible will be altered so as to be enforceable, or if that is not possible, then it will be deleted from this Agreement and the remaining part of the Agreement will remain in effect.

12.    **Non-waiver.** No waiver of any breach or failure to enforce one or more of the terms and conditions hereof shall be construed as an implied amendment or agreement to modify or as a waiver of the right to later enforce such terms.

KL – 00006

**13.    Modification.**  No modification of this Agreement will be enforceable unless it is in writing, signed by all of the Parties.

**14.    Counterpart and Facsimile Signatures.**  This Agreement may be executed in any number of counterparts, and may be executed in original or facsimile transmission signatures.  All such counterparts, taken together, shall constitute a single agreement.

**15.    Further Assurances.**  Each Party to this Agreement hereby agrees to execute and deliver such other and further documents as may be reasonably requested by the other Party to more fully effectuate the terms, conditions and transactions contemplated by this Agreement.

**16.    Governing Law.**  Notwithstanding the governing law in any other document, this Agreement shall be construed according to the laws of the State of Colorado.

IN WITNESS WHEREOF as of the date first written above.

Khona Pharms, LLC, a/k/a
Khona Farms, LLC, a Colorado company

By:_____    3-3-20
Name, Title: Matt Troyer, Manager    Date

KushCo Holdings, Inc, a Nevada Company

By:_____    3-3-20
Name:    Date
Its:

KL – 00007