**EXHIBIT 10**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00446-STV

WILEYGREEN, LLC,

      Plaintiff

v.

KHONA LABS, LLC; STONEHAUS LABS, LLC; BALLINAF, LLC; MATTHEW TROYER; and DOES 1-10

      Defendants

---

### DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT

---

Defendants Khona Labs, LLC ("Khona"); Stonehaus Labs, LLC ("Stonehaus");

BallinAF, LLC ("BAF"); and Matthew Troyer ("Troyer"), through counsel, M. Gabriel

McFarland and Cyd Hunt of McFarland Litigation Partners, LLC, answer Plaintiff's Fourth

Amended Complaint as follows:

### ADMISSIONS AND DENIALS

1.     Defendants are without sufficient information to admit or deny the allegations in

Paragraph 1 and therefore deny the same.

2.     Defendants admit that Khona was a limited liability company doing business in

Colorado with its principal place of business at 10465 Park Meadows Drive, Suite 108, Lone

Tree, Colorado 80124; that Khona was dissolved November 3, 2021; and that Troyer was its

only manager.  Defendants are without sufficient information to admit or deny that all of

Khona's members are domiciled outside of California and New York and therefore deny the same. Defendants deny all remaining allegations in Paragraph 2.

3.    Defendants admit that Stonehaus is a Colorado limited liability company with its principal place of business at 10465 Park Meadows Drive, Suite 108, Lone Tree, Colorado 80124, that Stonehaus is managed by Troyer, and that Stonehaus received a hemp extraction facility from Khona. Defendants are without sufficient information to admit or deny that all of Stonehaus's members are domiciled outside of California and New York and therefore deny the same.

4.    Defendants admit that BAF is a Colorado limited liability company whose sole member is Troyer and that Troyer is a resident of Colorado. Defendants deny all remaining allegations in Paragraph 4.

5.    Defendants admit the allegations in Paragraph 5.

6.    To the extent any response is called for regarding Plaintiff's beliefs and intentions, Defendants deny the allegations in Paragraph 6. Defendants object to the addition of further named defendants to replace the Does, as this litigation has been pending for over two years and the deadline for such amendment has passed.

7.    Defendants deny the allegations in Paragraph 7.

8.    The referenced contract speaks for itself. To the extent the allegations in Paragraph 8 purport to interpret, characterize, or supplement the contract, they are denied.

9.    Defendants do not dispute that this Court has jurisdiction over this matter.

10.    Defendants do not dispute that this Court is the proper venue for this matter.

2

11.     The referenced agreement speaks for itself.  To the extent the allegations in Paragraph 11 purport to interpret, characterize, or supplement the agreement, they are denied.

12.     The referenced agreement speaks for itself.  To the extent the allegations in Paragraph 12 purport to interpret, characterize, or supplement the agreement, they are denied. Defendants are without sufficient information to admit or deny that MSE informed Plaintiff as alleged in Paragraph 12 and therefore deny that allegation.

13.     The referenced agreements speak for themselves.  To the extent the allegations in Paragraph 13 purport to interpret, characterize, or supplement the agreements, they are denied.

14.     The referenced documents speak for themselves.  To the extent the allegations in Paragraph 14 purport to interpret, characterize, or supplement the documents, they are denied.

15.     The referenced invoices speak for themselves.  To the extent the allegations in Paragraph 15 purport to interpret, characterize, or supplement the invoices, they are denied. Defendants deny that Plaintiff performed its contractual duties, including the production of a qualified purchaser.  Defendants admit Khona made payments to Plaintiff.

16.      The referenced invoice speaks for itself.  To the extent the allegations in Paragraph 16 purport to interpret, characterize, or supplement the invoice, they are denied. Defendants deny that KushCo was a qualified purchaser.

17.     Defendants admit that Khona received $420,000 from KushCo on or about October 28, 2019.  Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that Khona received $1,380,000 from KushCo on or about March 4, 2020.  Defendants deny that Khona was paid in full.

19.     Defendants deny the allegations in Paragraph 19.

3

20.    Defendants deny the allegations in Paragraph 20.

21.    The referenced written communication speaks for itself.  To the extent the allegations in Paragraph 21 purport to interpret, characterize, or supplement the communication, they are denied.

22.    The pleadings in this case speak for themselves.  To the extent the allegations in Paragraph 22 purport to interpret, characterize, or supplement the pleadings, they are denied.

23.    Defendants admit that prior to the dissolution of Khona, Troyer as manager authorized the transfer of Khona's hemp extraction facility to Stonehaus and the transfer of some amount of Khona's cash assets to a bank account held by BAF.  Defendants deny the remaining allegations in Paragraph 23.

24.    Defendants admit that Stonehaus remains in possession of the hemp extraction facility previously possessed by Khona.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants hereby incorporate all foregoing admissions and denials.

26.    The referenced agreements speak for themselves.  To the extent the allegations in Paragraph 26 purport to interpret, characterize, or supplement the agreements, they are denied.

27.    Defendants deny the allegations in Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30.

31.    Defendants hereby incorporate all foregoing admissions and denials.

32. The referenced agreements speak for themselves. To the extent the allegations in Paragraph 32 purport to interpret, characterize, or supplement the agreements, they are denied.

33. The allegation in Paragraph 33 is a legal conclusion to which no response is required.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants hereby incorporate all foregoing admissions and denials.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants hereby incorporate all foregoing admissions and denials.

46. Defendants admit that Troyer as manager transferred Khona's hemp extraction facility to Stonehaus and transferred some amount of Khona's cash assets to a bank account held by BAF. Defendants admit that Troyer is the sole member of BAF and that Khona was dissolved on or about November 3, 2021. Defendants deny that any of these circumstances or actions are related to Plaintiff's claims or to this litigation.

47. Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny that Plaintiff is entitled to avoid any of Defendants' actions.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to perform all conditions precedent to the pursuit of its claims, including without limitation its own contractual performance.

3.      Plaintiff has failed to mitigate its damages, if it has incurred any.

4.      Plaintiff's damages, if it has incurred any, were the result of Plaintiff's own acts and omissions or the acts and omissions of third parties over whom Defendants had no control.

5.      Plaintiff is not the real party in interest with respect to all or a portion of its claimed damages.

6.      Plaintiff's claims are barred or diminished by application of the doctrines of waiver, estoppel, ratification, offset, and unclean hands.

7.      Plaintiff's claims are barred or diminished by the terms of the parties' agreements and/or amendment or supplementation of those agreements.

8.      Plaintiff's claims are barred or diminished by an intervening cause over which Defendants had no control.

WHEREFORE, Defendants respectfully request entry of judgment in their favor and against Plaintiff on all claims, an award of fees and costs as allowed by law, and such further relief as the Court deems just.

6

Dated this 14th day of March, 2022.

Respectfully submitted,

s/ *Cyd Hunt*
Cyd Hunt
M. Gabriel McFarland
MCFARLAND LITIGATION PARTNERS, LLC
910 13th St., Suite 200
Golden, Colorado 80401
303.279.8300
cyd@mcfarland.law
gabe@mcfarland.law

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT** has been filed with the Clerk of Court using the CM/ECF system with a copy served upon the following:

Brendan Ozanne
Dawson & Ozanne
brendan@dawson-ozanne.com

s/Gina Bowermaster
Gina Bowermaster