# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00446-STV

WILEYGREEN, LLC, a South Dakota limited liability company,

      Plaintiff,

v.

KHONA LABS, LLC, STONEHAUS LABS, LLC; BALLINAF, LLC; MATTHEW TROYER and DOES 1-10,

      Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANT KHONA LABS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REAL PARTY IN INTEREST

Plaintiff WileyGreen, LLC ("Plaintiff") respectfully submits this opposition to Defendant Khona Labs, LLC, Stonehaus Labs, LLC, BallinAF, LLC and Matthew Troyer's (collectively referred to as the "Defendants") Motion for Partial Summary Judgment Regarding Real Party in Interest.

## I.    SUMMARY OF ARGUMENT

Defendants' *Motion For Partial Summary Judgment Regarding Real Party In Interest* (the "Motion") is predicated on a significant, fundamental fallacy. The fallacy lies with Defendant's assumption that they/Defendant somehow had separate compensation agreements with WileyGreen/Watkins, another with Joe Polizzi and another with Dan Lay. This was never true. Moreover, the document that the Defendants rely on is nothing more than a compensation breakdown letter, or document, informing the Defendants as to where to send the monies due and owing Plaintiff. It

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANTS PARTIAL MSJ

does not, in any way alter the amount owed to Plaintiff.  Taking it to the absurd, Plaintiff could have directed that money be sent anywhere and to anyone.

## II.  LEGAL STANDARD

Summary judgment is warranted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. civ. P. 56(a).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict in favor of the nonmoving party. *Allen v. Muskogee, Okl.,* 119 F. 3d 867, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment the court must view the evidence in the light most favorable to the non-moving party.  *See Id.*

## III.  THERE IS ONLY ONE AGREEMENT DICTATING THE AMOUNT DEFENDANTS OWE PLAINTIFF

Defendants only have an agreement with the Plaintiff; and Plaintiff had an entirely separate agreement to compensate Joe Polizzi and Dan Lay from Plaintiff's total compensation due (*in a full amount of $7.50 per pound*), to which Defendants were never a party.  Defendants were to pay Plaintiff the full amount of $7.50 per pound, and Plaintiff agreed to separately pay Polizzi and Lay.  Rather than Plaintiff taking payment of the full $7.50 per pound, Plaintiff requested Defendants pay Plaintiff and Lay and Polizzi.  This payment arrangement was done only as a convenience to Plaintiff, so it did not have to incur the extra step of ending payments to Polizzi and Lay.  This payment arrangement, dividing the total compensation into three separate payments at Plaintiff's written instruction, was fully permissible under the Contracts between Plaintiff and Defendants but at no point gave away Plaintiff's right for payment of the full compensation from Defendant in the amount of $7.50 per pound.

Plaintiff is the only party with appropriate standing to pursue the full amounts due and payable is what is dictated by the complete body of contracts between the parties, which Defendants only partially (*but incompletely*) share or cite in its Motion. Defendant's fundamental error and omission is illuminated as follows.

-2-

On Defendants' Motion, page 2, the first full paragraph states, *"(MSUMF No. 1). The MOU solely named, and was executed by, Khona and WileyGreen."*  This assertion is partially correct, but the MSUMF No.1 provided by Defendants is incomplete – and this omission is critical in illuminating the fallacy of Defendant's entire Motion. Specifically, MSUMF No. 1 is the Agreement between Plaintiff and Defendant – but it is not the full Agreement.  Page 1 of the Agreement (MSUMF No. 1) has a clause under the heading, "EXTENSION OF THE MSE MOU", which reads;

> "*Upon the signatures to this MOU, Khona agrees to be bound by the terms and conditions of the MSE MOU, to such effect that Khona and MSE are bound together as affiliated entities subject to the same terms and conditions with the Agents as set forth in the MSE MOU; which specifically includes but is not limited to the Compensation, Confidentiality and Non-Circumvention provisions of the MSE MOU.*"

This is important because document MSUMF No.1 – as submitted by Defendant does not provide a copy of the MSE MOU – and as a result MSUMF No. 1 does not show the full Agreement.  This is a material omission, because document MSUMF No. 1 does not specify or illuminate any provisions whatsoever for Compensation.  Instead, the Compensation provisions are found in the MSE MOU.  A copy of the MSE MOU – which details the applicable Compensation provisions – is attached herewith as document "***Fully Signed MSE Agreement.pdf***".   The only parties to the MSE MOU are MSE Labs and Plaintiff.

The Compensation provisions of the MSE MOU specifically state:

> "*No Sale Transaction between any Registered Buyer and Seller will take place under any circumstance that does not include payment of the Compensation. **Agents shall specify the amount of the Compensation in writing to Seller and Buyer prior to any Sale Transaction**, and the Compensation shall also be specified in writing in the Escrow instructions associated with any Sale Transaction in any instance where Escrow is used for the Sale Transaction.  The*

-3-

*Compensation shall be specified and included in any price quote given by Seller directly to any Registered Buyer.  In any instance of a Sale Transaction that occurs where no Agents' Compensation is paid out of Escrow, Seller shall be responsible for payment of the Compensation directly to Agents.  **Payment of the Compensation shall be made via electronic wire transfer to the bank information supplied by the Agents prior to the close of any Sale Transaction**.*"

"Agents" are defined as WileyGreen/Watkins in the MSE MOU.  In summary, the Compensation was to be in an amount specified by Plaintiff, with payments via wire transfer to bank(s) information supplied by Plaintiff.

Under this contractual arrangement, Plaintiff provided the document that Defendants name in its Motion as MSUMF No. 2 (the "Compensation Notification").   Note that MSUMF No. 2, the Compensation Notification, is authored and provided by Plaintiff's Manager, Bruce Watkins – and it is addressed to both Defendant/Khona and MSE Labs (*party to the MSE MOU*).  Note the following:

- The MSE MOU of 07/03/19 is specifically referenced, specifically referencing the sections under Buyer Registration, Sale Transaction Direct from Registered Buyer to Seller and Compensation.
- As seen on MSUMF No. 2., page 1, the Compensation is appropriately specified (*as provided for under the MSE MOU Compensation provision*) as the full $7.50 per pound due WG/Plaintiff.
- As seen on MSUMF No. 2., page 2, Plaintiff/WG then instructs that "*The Agent Compensation will be paid via three separate disbursements as follows*:"
  - Note that the only "Agent", from a contractual standpoint under both the MSE MOU and the MSUMF No.1, is WileyGreen/Plaintiff.
  - At all times, it was fully within Plaintiff's contractual right to specify the Compensation be divided and paid out to as many separate parties and bank accounts as Agent/Plaintiff desired; but the only contracting Agent with Defendant was always WG/Plaintiff.

The complete body of contracts incorporating the MSE MOU and Compensation Notification (*as provided for under the MSE MOU*) demonstrate that Plaintiff was the only contracting agent, that Plaintiff was the only party with the right to specify the

-4-

PLAINTIFF'S OPPOSITION TO DEFENDANTS PARTIAL MSJ

Compensation amount ($7.50 per pound), and that Plaintiff had the right to specify the Compensation be sent via wire transfer to wherever and whomever Plaintiff specified. As such, Plaintiff is the only party with contractual standing to pursue full damages.

### IV.    THE COMPENSATION NOTIFICATION LETTER IS NOT A CONTRACT OR A MODIFICATION TO THE PLAINTIFF'S AGREEMENTS WITH DEFENDANTS

Exhibit 1 to Defendants' motion is a Memorandum of Understanding by and between Defendant Khona Labs, LLC and Plaintiff.  This document specifically states that any modification must be in writing and executed by both parties, meaning Khona Labs, LLC and Plaintiff.  A simple reading of the Compensation Notification Letter, or Exhibit 2 to Defendants' motion demonstrate that: (1) it includes no language indicating it amends or modifies any agreements between Defendants and the Plaintiff; and, (2) it is not signed by either Khona Labs, LLC or Plaintiff.  Defendants' attempts to somehow deem the Compensation Notification Letter a "contract" or binding agreement of some sort between the parties hereto is misplaced and inaccurate.

### V.    DEEFENDANTS HAVE NO AGREEMENTS WITH POLIZZI OR LAY

Defendant never had any contract or dealings with Polizzi and/or Lay other than sending portions of Plaintiff's contractually due Compensation to Polizzi/Lay. Defendant only had a contract with Plaintiff, Plaintiff specified in writing the Compensation amounts and where Compensation payments were to be sent as was Plaintiff's right to do at all times, and Defendant owes Plaintiff in full (at $7.50 per pound).

### VI.    PLAINTIFF HAD INDEPENDENT AGREEMENTS WITH POLIZZI AND LAY

Defendants incorrectly argue in their motion at Page 3, paragraph 3, that: "*WileyGreen is the only named Plaintiff, and the only individual associated with WileyGreen is Bruce Watkins.*" Defendants' assertion incorrect.  While Bruce Watkins is the only party that is a Member of WileyGreen LLC, WileyGreen had separate compensation agreements between itself, Polizzi and Lay.  These individuals provided

work and effort to consummate this transaction on behalf of Plaintiff, entitling them to compensation– no approval is or was ever required from Defendants for this relationship.

Further, Defendants had no contract with Polizzi or Law.  At Page 5, paragraph 5 of Defendants' motion, it states that: "*In fact, when payments came in to Khona, it disbursed broker fees directly to WileyGreen, Lay, and Polizzi separately and based on the amounts due to each of them as set out in the contract.*"  Defendants have produced no contracts between themselves and Polizzi/Lay.

## VII.   PLAINTIFF DID NOT AGREE TO SHARE IN THE COSTS OF DELAY OR PENALTIES

Defendants claim, based upon a short unclear text, that Plaintiff agreed to share in the penalties and interest payments.  However, Plaintiff sent a four-page letter that same day, after the text message, showing that it did not agree to any modification in payment.  This letter makes it clear that Plaintiff was not going to pay monies towards these asserted late payments or penalties.  Attached as Ex. 3 to the Declaration of Brendan K. Ozanne is a true and correct copy of this January 6, 2019, letter.

## VIII. THE INVOICE IS INVALID

CBDERM's "late fee invoice" was created in March of 2020, not July 19, 2019 as stated on the invoice.  Note that this document was requested months before and not provided to counsel for Plaintiff until April 30, 2020.  Second, had CBDERM created this document, it would have used the amount it was owed per pound, or $35.00, not $44.50.  The calculations are based upon the amount due all parties, not CBDERM.  This fact alone makes the document invalid and frankly is evidence of wrongdoing.  Third, the amount due on the date of this purported invoice (when using the 12% penalty and 1.5% accruing interest) is $320,440.  There are more glaring errors that require further calculations but these three examples are sufficient to demonstrate that this document is part of a cover up, rather than a legitimate invoice.  Defendants attempt to claim that an invoice dated

-6-

Dated:  November 14, 2022

By:    /s/  *Brendan K. Ozanne*
Brendan K. Ozanne, Esq.
Dawson & Ozanne
5755 Oberlin Dr., Ste.301
San Diego, CA 92121
Ph: (760) 877-9552
Attorneys for WILEYGREEN, LLC

-7-

PLAINTIFF'S OPPOSITION TO DEFENDANTS PARTIAL MSJ