# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00446-STV

WILEYGREEN, LLC, a South Dakota limited liability company,

      Plaintiff,

v.

KHONA LABS, LLC, STONEHAUS LABS, LLC; BALLINAF, LLC; MATTHEW TROYER and DOES 1-10,

      Defendants.

## DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT KHONA LABS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REAL PARTY IN INTEREST

I, Brendan K, Ozanne, hereby declare as follows:

1.      I am a partner in the law firm of Dawson & Ozanne, attorneys of record for Plaintiff WileyGreen, LLC ("Plaintiff") in the above-captioned matter. I have personal knowledge of the facts set forth herein and if called to testify to them I would do so.

2.      Plaintiff and Defendants counsel have spoke about the opposition filed concurrently with this declaration and Defendants granted Plaintiff  and extension until November 14, 2022.

3.      Plaintiff and Defendants Khona Labs, LLC, Stonehaus Labs, LLC, BallinAF, LLC and Matthew Troyer (collectively "Defendants") entered into an MSE agreement dated July 3, 2019. A true and correct copy of the fully executed MSE agreement is attached as "Exhibit A".

4.      The terms of the MSA are between Plaintiff and Defendants only. Plaintiff had separate agreements to compensate the individuals Joe Polizzi and Dan Lay from

-1-

DECLARATION IN SUPPORT

Plaintiff's total compensation due. There were no separate contracts for these individuals with the Defendants.

5.    There are no independent agreements or modifications to Defendants' Ex. 1, the Memorandum of Understanding by and between Defendant Khona Labs, LLC and Plaintiff WileyGreen, LLC.

6.    Attached hereto as "Exhibit B" is a true and correct copy of a letter dated January 6, 2019, prepared by Mr. Bruce Watkins and edited and reviewed by me.

7.    CBDERM's "late fee invoice" was created in March of 2020, not July 19, 2019, as stated on the invoice.  Note that this document was requested months before and not provided to counsel for Plaintiff until April 30, 2020.  Second, had CBDERM created this document, it would have used the amount it was owed per pound, or $35.00, not $44.50.  The calculations are based upon the amount due all parties, not CBDERM.  This fact alone makes the document invalid and frankly is evidence of wrongdoing.  Third, the amount due on the date of this purported invoice (when using the 12% penalty and 1.5% accruing interest) is $320,440.  There are more glaring errors that require further calculations but these three examples are sufficient to demonstrate that this document is part of a cover up, rather than a legitimate invoice.  Attached hereto as "Exhibit C" and "Exhibit D" are proof of the invoices date of creation and by whom it was created, clearly not CBDERM.

Dated:  November 15, 2022

By:    /s/  *Brendan K. Ozanne*
Brendan K. Ozanne, Esq.
Dawson & Ozanne
5755 Oberlin Dr., Ste.301
San Diego, CA 92121
Ph: (760) 877-9552
Attorneys for WILEYGREEN, LLC

-2-

DECLARATION IN SUPPORT

**EXHIBIT A**

# MEMORANDUM OF UNDERSTANDING

This Business Development Agreement (the "Agreement") is entered into on the date of last signing below, (the "Effective Date") between Anthony Smith, c/o MSE Labs, LLC located at 16800 ], (the "Seller"), and Bruce Watkins, c/o WileyGreen LLC, located at 5714 Old Tisbury Lane, Orcutt CA 93455 (the "Agents"). Seller and each Agent party to this Agreement may be identified hereafter as "Party" and collectively as "Parties". The Parties agree as follows:

## RECITALS

Whereas; Seller is a producer and/or distributor of Hemp and/or Hemp-derived cannabidiol (CBD) products (the "Products") seeking to sell its products under approved federal guidelines in the United States (the "Territory"), and;

Whereas; Agents have relationships with licensed purchasers and distributors of Hemp and/or CBD Products (the "Buyer"), and;

Whereas; Seller wishes Agents to introduce purchasers and/or distributors of Seller's Products for the purpose of any sale of the Seller's Products (the "Sale Transaction"), for which introductions resulting in a Sale Transaction, Agents shall be compensated (the "Compensation"), and

Now Therefore, in Consideration for the contemplated good-faith efforts and Compensation set forth herein, the following shall govern the terms and relationship between the parties:

## ACTIVITIES OF THE PARTIES

The following provisions define and govern the principle relationship and respective activities of the Parties hereto:

Activities of Seller:
- Seller shall provide any Registered Buyer introduced by Agents with a copy of Seller's Certificate Of Authentication (the "COA") for the Products verifying the Products meet federal requirements and possible product quality requirements associated with any Sale Transaction.
- Seller is engaging Agents as independent contractors on a non-exclusive basis.
- In conjunction with a Sale Transaction to a Registered Buyer, Seller shall provide Agents a written description of Seller's product or products intended for a possible Sale Transaction, including the COA, the quantity available and the sale price of such Product or Products; the sale price which shall be inclusive of the Agents' Compensation set forth herein.

Activities of Agents:
- Agents will introduce Seller to prospective Buyers of the Seller's Products.
- Agents are non-exclusive independent contractors and are responsible for their own expenses, tax payments and other regulatory requirements.
- Unless otherwise approved in writing by Seller, Agents have no right to use or reproduce Seller's name, logo, marks or materials in promoting the Agents's business.
- Agents are not distributora or sellers, and at no time shall Agents take possession of, transport or sell any Products in association with any Sale Transaction covered herein.

## BUYER REGISTRATION

Agents shall notify the Seller, in writing, of any prospective Buyer that it desires to introduce (the "Registered Buyer") to the Seller for the purposes of one or more Sale Transaction(s) by submitting the name of the prospective Buyer with the subject heading "Registered Buyer Notice" in writing via letter, facsimile or email to the Seller. The Seller shall advise Agents within one (1) business days of receipt or such notification from the Agents either that (a) the prospective Buyer is deemed a "Registered Buyer", or (b) whether such prospective Buyer has previously been introduced to the Seller through another source. In the event that such Buyer has previously been introduced and Agents have been so informed by the Seller as specified herein, then Agents shall not be entitled to any Compensation associated with the prospective Buyer hereunder and such prospective Buyer shall not be deemed to be a Registered Buyer. Any failure by the Seller to notify Agents in writing of acceptance or otherwise notify Agents that such Buyer has previously been introduced to the Seller shall be deemed as acceptance of the prospective Buyer by Seller, and such Buyer shall thereafter be a Registered Buyer for the purposes of the Agents' Compensation.

CONFIDENTIAL

A Registered Buyer shall be deemed a Registered Buyer for a period of twelve (12) months from registration of such Buyer as a Registered Buyer hereunder. During this twelve month period, Agents shall receive the Compensation from any and all Sale Transactions executed by a Registered Buyer or affiliate of such Registered Buyer, whether for one Sale Transaction or any series of one or more Sales Transactions.

Seller is not obligated to consummate any Sale Transaction with any Registered Buyer.

## SALE TRANSACTION USING ESCROW

Any Sale Transactions between a Registered Buyer and Seller handled through an Escrow account shall be administered by a qualified attorney or financial institution. Agents shall be a party to all Escrow Instructions between any Registered Buyer and Seller (the "Escrow"). The Agent's Compensation and instructions for the payment of the Compensation shall be included in the Esrow Instructions prior to the close of Escrow and consummation of any Sales Transaction.

## SALE TRANSACTION DIRECT FROM REGISTERED BUYER TO SELLER

In any Sale Transaction where a Registered Buyer purchases products directly from Seller, Seller shall collect the Agents' Compensation directly from Buyer as a condition of the Sale Transaction and, upon receipt of payment by Seller, Seller shall pay the Compensation directly to Agents within 48 hours of receipt of payment. In advance of any such sale, or price quote from Seller to any Registered Buyer, seller shall obtain the Compensation amount from the Agents in writing, and any price-quote from Seller to any Registered Buyer shall include the Agents' Compensation.

## COMPENSATION

In association with the consummation of any Sale Transaction to a Registered Buyer, Agents will be compensated (the "Compensation") in an amount set forth in the Escrow documents, if applicable, or otherwise provided in writing from Agents to Seller for any Sale Transaction direct from the Registered Buyer and Seller. No Sale Transaction between any Registered Buyer and Seller will take place under any circumstance that does not include payment of the Compensation. Agents shall specify the amount of the Compensation in writing to Seller and Buyer prior to any Sale Transaction, and the Compensation shall also be specified in writing in the Escrow instructions associated with any Sale Transaction in any instance where Escrow is used for the Sale Transaction. The Compensation shall be specified and included in any price quote given by Seller directly to any Registered Buyer. In any instance of a Sale Transaction that occurs where no Agents' Compensation is paid out of Escrow, Seller shall be responsible for payment of the Compensation directly to Agents. Payment of the Compensation shall be made via electronic wire transfer to the bank information supplied by the Agents prior to the close of any Sale Transaction.

## TERM AND TERMINATION

This Agreement shall be valid for one year from the Effective Date and terminate thereafter unless extended in writing by both parties. This Agreement may be terminated at any time for any reason by either Party with two (2) days written notice. Upon Termination, any Registered Buyer will continue to be recognized by both parties as a Registered Buyer for the twelve-month period specified above under "Buyer Registration", and Agents shall remain eligible for all Compensation due for any Sale Transaction completed with any Registered Buyer.

## CONFIDENTIALITY AND NON-CIRCUMVENTION

"Confidential Information" means this Agreement and any other information, pricing, know-how and other non-public information disclosed or made available by either party by this Agreement. The name and contact informationof any Registered Buyer, Agent, this Agreement, and the Agents's Compensation is Confidential Information and will not be shared with any third party not a party to this Agreement unless approved in writing by Agents. Seller and Agents agree to: (i) only use the other party's Confidential Information for the exercise of its rights or performance of its obligations hereunder; (ii) only disclose such Confidential Information to third parties who have a "need to know" for the receiving party to exercise its rights or perform its obligations hereunder; and (iii) use at least reasonable measures to protect the confidentiality of such Confidential Information. Each Party agrees not to use the other party's Confidential Information for purposes of unfair or improper competition, or to cirucmvent the Compensation obligations of this Agreement. If either party is required by law to make any disclosure of the Confidential Information of the

CONFIDENTIAL

other party, the disclosing party shall first give written notice of such requirement to the other party, and shall permit them to intervene in any relevant proceedings to protect its interests in the Confidential Information.

Seller and Agents will not, in any manner, circumvent, avoid, bypass, or obviate, directly or indirectly, the provisions of this Agreement.  During the Term and for a period of one (1) year thereafter, neither Seller nor any affiliate of Seller shall directly or indirectly contact or communicate with any Registered Party nor solicit or consummate any Sale Transaction that bypasses or otherwise eliminates the Compensation associated with a Sale Transaction with any Registered Party or Affiliate of a Registered Party related to any Sale Transaction, without the express written consent of the Agents, which may be withheld in Agents's sole discretion.

## MUTUAL INDEMNIFICATION

The Parties shall defend one another against any claim, demand, suit, or proceeding made or brought against a Party alleging that the provisions of this Agreement create any damages to any third party (the "Claim:"), and shall indemnify the other Party for any such damages awarded in connection with any such Claim; provided that (i) the Party against which damages are claimed shall promptly notify the other Party of such Claim, (ii) the Party against which damages are claimed shall have the sole and exclusive authority to defend and/or settle any such Claim without the other Party's prior consent, which will not be unreasonably withheld, unless it unconditionally releases the other Party of all liability, and (iii) the Parties reasonably cooperate with one another in connection therewith.

## MISCELLANEOUS

Assignment. This Agreement is not assignable without the prior written consent of both Parties.

Waiver. No failure on the part of either party to exercise any power, right, privilege or remedy under this Agreement, and no delay on the part of either party in exercising any power, right, privilege or remedy under this Agreement, will operate as a waiver thereof.

Force Majeure. Each party is excused from performance of this Agreement and will not be liable for any delay in whole or in part caused by the occurrence of any force majeure event, which is beyond the reasonable control of such party. These force majeure events include, without limitation, war, act of government, fire, natural disaster or other act of God.

Agency. No agency, partnership, joint venture, or employment relationship is created as a result of this Agreement and neither party has any authority of any kind to bind the other party in any respect whatsoever.

Legal Fees. In any action or proceeding to enforce rights under this Agreement, the substantially prevailing party will be entitled to recover costs and attorneys' fees.

Notices. All notices under this Agreement will be in writing and will be deemed to have been duly given when received, if personally delivered; when receipt is electronically confirmed, if transmitted by facsimile or e-mail; the day after it is sent, if sent for next day delivery by recognized overnight delivery service; and upon receipt, if sent by certified or registered mail, return receipt requested.

Counterparts.  This Agreement may be executed in several counterparts, each of which will constitute an original and all of which, when taken together, will constitute one and the same agreement.

Modification:  This Agreement may only be modified by a written document expressly stated for such purpose and executed by the parties. All terms in any ordering or purchasing document relating to the subject matter of this Agreement that are additional or supplemental to, different from or in conflict with the terms and conditions of this Agreement are null and void and of no effect and hereby rejected by the parties.

Jurisdiction. This Agreement shall be governed by the laws of the State of Colorado without regard to its conflict of law provisions. The parties expressly agree to exclusive jurisdiction in any competent court of Denver County, Colorado, and all claims or proceedings brought by a party relating to this Agreement will be brought only in the federal or state courts of such jurisdiction.

SIGNATURE PAGE FOLLOWS
REMAINDER OF THIS PAGE INTENTIONALLY BLANK

CONFIDENTIAL

MEMORANDUM OF UNDERSTANDING

CONFIDENTIAL

## SIGNATURE

This Agreement is the complete agreement between the parties concerning the subject matter hereof and replaces any prior or contemporaneous oral or written communication concerning the matter hereof. Each party has caused this Agreement to be duly executed and is duly authorized to enter into this Agreement on such party's behalf:

On Behalf of Seller:  MSE Labs

    Signature:_____

    Agent Name: _Anthony_      Smith_____

    Title:founder _____

    Date:7/3/19 _____

On Behalf of Agents: WileyGreen

    Signature:_____

    Agent Name: _Bruce Watkins_____

    Title:_Manager_____

    Date: _07/03/19_____

CONFIDENTIAL

Page 5 of 5

**EXHIBIT B**

Confidential

SALES TRANSACTION and
COMPENSATION NOTIFICATION LETTER
July 30, 2019

Matt Troyer
c/o Khona Labs, LLC
5550 W 60th Ave,
Arvada CO 80003

AND

Anthony Smith
c/o MSE Labs, LLC
16800 Coal Creek Canyon Road
Arvada CO 80007

Per our mutually executed Memorandum of Understanding effective July 03, 2019 and the provisions thereof under the sections for Buyer Registration, Sale Transaction Direct from Registered Buyer to Seller and Compensation, please let the following information serve to form the provisions and method of the Compensation.

<u>Registered Buyer:</u>
    Kushco Holdings
    https://www.kushco.com
    c/o Jason Vegotsky; President and
    Rodrigo De Oliveira; Chief Operating Officer
    11958 Monarch Street
    Garden Grove, CA 92841

<u>Sales Transaction Details:</u>

| | |
|---|---|
| • Purchase Item: | Hemp Pellets; COA Botanacor 9.97% CBD |
| • Purchase Amount (Pounds): | 100,000 pounds |
| • Seller (MSE Labs) Price Quote (Per Pound): | $37.00 per pound |
| • Compensation (Per Pound): | $7.50 per pound |
| • Price Quote to Registered Buyer (Per Pound): | $44.50 per pound |

| | |
|---|---|
| <u>Total Sales Transaction Amount:</u> | <u>$4,450,000.00</u> |
| • Total Agent Compensation: | $750,000.00 |
| • Net to Seller (MSE Labs): | $3,700,000.00 |

All invoices and price quotes to the Registered Buyer must be quoted at the rate of $44.50 per pound.

<u>Seller (MSE Labs) Payment Instructions:</u>
The total Sales Transaction Amount of $4,450,000.00 will be paid by the Registered Buyer via wire transfer to the following Seller Account:

    Khona Labs LLC
    

    Account Number: █████████
    Routing Number: █████████

KL – 00019                                   Page 1 of 2

Confidential

Compensation Payment Instructions:

The Agent Compensation payment of $750,000.00 will be paid out of the Sales Transaction Amount of $4,450,000.000 after the Sales Transaction payment has been deposited into and on the same business day as the Sales Transaction Amount has cleared the Seller's bank account. The Agent Compensation will be paid via three separate disbursements as follows:

1.  $2.00 per pound, $200,000.00 total Compensation paid via wire transfer to:

    **Dan Houng Lay**
    11285 SE Vernazza LN
    Happy Valley, OR 97086
    PH: 718.223.7374
    Email: md13140905@gmail.com
    Bank Wire Transfer Information
    
    Account Number:
    Routing Number:

2.  $2.00 per pound, $200,000.00 total Compensation paid via wire transfer to:

    **Joseph A Polizzi**
    60 Eldridge street, Suite 5C
    New York, NY 10002
    PH: 917.662.8082
    Email: joey05050@gmail.com
    Bank Wire Transfer Information:
    
    Account Number:
    Routing Number:

3.  $3.50 per pound, $350,000.00 total Compensation paid via wire transfer to:

    **Bruce Watkins**
    c/o WileyGreen LLC
    5714 Old Tisbury Lane
    Orcutt, CA 93455
    PH: 858.336.4324
    Email: bwileywatkins@gmail.com
    Bank Wire Transfer Information:
    Account Name:
    Bank Name:
    Account Number:
    Routing Number:
    

Please make me aware once the Sales Transaction deposit has cleared and the Agent Compensation Wire Transfers have been sent to the above three accounts. We look forward to the opportunity to conduct additional Sales Transactions with you in the future. Please do not hesitate to let me know if you have any questions. Thank you, and best regards.

Bruce W. Watkins

KL – 00020

# EXHIBIT C

January 06, 2020

Matt Troyer
Khona Labs, LLC
5550 W 60th Ave,
Arvada CO 80003

Subject:    Compensation Due

Dear Matt,

In follow up to our text messages from this morning, I felt it important that we go in writing to address and appropriately document the disposition of our Compensation and the conversations relating thereto. To be clear – and please rest assured - our intent is to assist the payments due from Kuschco to Khona in any way possible, and to be sure everything is getting documented and clearly communicated in writing so that there is no confusion as to issues such as Compensation due, associated payment schedules, or any modifications to our existing MOU's.

As a starting point, and per our Memorandum of Understanding and Business Development Agreement (*hereafter the "Khona MOU"*) of 07/25/19, and the "MSE MOU" effective 07/03/19 and referenced in the "Recitals" and "Extension of the MSE MOU" sections on the first page of the Khona MOU;

- Khona and MSE are both signatories to and bound by the terms and conditions of both the MSE MOU and  the Khona MOU.  As recognized in the Khona MOU Recitals, Khona and MSE are "substantially affiliated with one another to act jointly as producers and/or distributors of Hemp and/or Hemp-derived cannabidiol (CBD) products".
- Khona  and MSE are collectively referred to as "Seller" under the MSE MOU and the Khona MOU.
- Kushco Holdings is a "Registered Buyer" as defined in both the Khona MOU and the MSE MOU.

The "BUYER REGISTRATION" provision of the MSE MOU specifies:
- The MOU is "for the purposes of **one or more** Sale Transaction(s)"
- Agents shall receive the Compensation from any and all Sale Transactions executed by a Registered Buyer **or affiliate of such Registered Buyer**, whether for one Sale Transaction or any series of one or more Sales Transactions.

The "SALE TRANSACTION DIRECT FROM REGISTERED BUYER TO SELLER" provision of the MSE MOU specifies:
- "Seller shall collect the Agents' Compensation directly from Buyer as a condition of the Sale Transaction and, upon receipt of payment by Seller, Seller shall pay the Compensation directly to Agents **within 48 hours** of receipt of payment.", and;
- "any price-quote from Seller to any Registered Buyer shall include the Agents' Compensation."

The "COMPENSATION" provision of the MSE MOU specifies:
- Agents will be in an amount set forth in the Escrow documents, if applicable, or otherwise **provided in writing from Agents to Seller** for any Sale Transaction direct from the Registered Buyer and Seller.
- No Sale Transaction between any Registered Buyer and Seller will take place under any circumstance that does not include payment of the Compensation.

Page 1 of 4

WATKINS DOCUMENT PRODUCTION 000004

- The Compensation shall be specified and included in any price quote given by Seller directly to any Registered Buyer.
- Seller shall be responsible for payment of the Compensation directly to Agents.
- Agents (WileyGreen, LLC) are due the "Compensation" associated with Registered Buyer under both the Khona MOU and MSE MOU.

The "CONFIDENTIALITY AND NON-CIRCUMVENTION" provision of the MSE MOU specifies;
- ".. neither Seller nor any affiliate of Seller shall directly or indirectly contact or communicate with any Registered Party nor solicit or consummate any Sale Transaction **that bypasses or otherwise eliminates the Compensation** associated with a Sale Transaction **with any Registered Party or Affiliate of a Registered Party related to any Sale Transaction**, **without the express written consent of the Agents**, which may be withheld in Agents's sole discretion.

As you may recall and written communications will reflect, on September 17, 2019 and at the written request of Kuschco, you revised invoice 1088 by adding Kushco's PO number PO10950 and Net Payment terms (30days). That invoice was in the amount of $1,858,000.00, representing 44,000 pounds of hemp pellets. From that, and per the associated Compensation Notifications from us (Agents), the Compensation is $7.50 per pound - representing a compensation due the Agents of $330,000.00.

We are aware that since that time you have received one or more payments from Kushco representing at least 25% of the amounts due under invoice 1088, but we (Agents) have not been provided any documentation or accounting of what payments have been received by you, or when, or how much remains outstanding in the form of late payments to you by Kushco. As a reminder, under our MOU, Compensation from those earlier payments was payable within 48 hours of your receipt thereof. That said, to date we have not been paid any of the Compensation associated and due therefrom, and we request that you please provide us an accounting of what payments have been received by Khona from Kuscho, and when.

Per our conversations, we are also aware that Khona has been negotiating with Kuschco to resolve the final payments due from Kuschco to Khona, and believe final payment of the full amount should be made on or before March 31, 2020. We are not aware whether or not Khona has agreed to this payment schedule in writing, or whether any formal agreement to resolve these outstanding payments has been reached. So that we may better understand the disposition of our Compensation that is substantially late and past due, please provide us (Agents) copies of any formal agreement between Kuschco and Khona that may have been reached that have any influence on the Compensation payment schedules and the $330,000 amount due, or in the absence thereof please provide us copies of any written correspondence between Kushco and Khona related to the timely resolution of these payments.

Per our conversations, we have also been told by you that Khona may be subject to certain penalties and fees due a third-party "farmer" with whom Khona has a business relationship and that may have produced the hemp sold to Kuschco. While we (Agents) have been and continue to be understanding and supportive of the need to get such third parties paid so that Khona can avoid un-necessary late fees, nothing in the MSE MOU or the Khona MOU allow the Compensation amount or timely payment thereof to be modified, reduced or waived in any event that MSE or Khona are subject to any such fees with any third parties such as the farmer in question. To be clear, in the absence of more information, we (Agents) do not agree to any modification in the amounts or payment schedules of our agreed Compensation – and any potential modification must be agreed to in writing.

Page 2 of 4

WATKINS DOCUMENT PRODUCTION 000005

Although we (Agents) have always indicated a willingness to consider accommodating things like the farmer payments so that Khona could avoid un-necessary damages, at no point have we agreed to reduce the Compensation or waive the timely payment thereof.  Should Khona or MSE request a modification to the amounts and payment schedules of the Compensation due, we formally request and require the following so that we can appropriately consider and respond to such a request in a manner that leaves no room for future confusion;

- Such a request be made in writing from Khona to WileyGreen (Agents).
- As part of such a request, Khona provide Agents written copies of all executed contracts between such third-party farmer or any other third parties that are relevant to the payment of the Compensation in any way, and Khona/MSE supporting any obligations for the payment of fines, fees or any other matters upon which such a formal Compensation modification request would be made by Khona to us.
- Any documentation that supports payments of any principal amounts due, penalties or other fees that have been made to any such third-party farmer or any other relevant third parties to evidence such payments have been made now, or are obligated in the future.

Upon the receipt and review of such materials, we (Agents) will make a determination of whether we may accept any amendment to the Compensation obligations, the terms associated therewith and the manner of such amendment, in writing as specified in our current MOUs.  Until such time, the Agents expect the Compensation obligations in effect through the MSE MOU and the Khona MOU are in full force and effect, and as such the full $330,000.00 remains due and payable.  To be clear, at present the "Waiver Provision" our MOU applies, and no Waiver by the Agents presently applies or has been formally granted.

Further, in our text conversations relevant to these matters, your most recent text to me of today, January 06, 2020 at 10:29am Pacific states:  "From Khona's position it may become counterproductive to get involved in a lawsuit. Reason being is that we're negotiating future contract sales to many of their customers. Depending on how that goes, it could hurt us to muddy up the waters with a lawsuit. So the shareholders here are weighing their options before getting into a courtroom with them. However you guys are not caught in that position."

Relative to that text from you, please allow me to also point out that under the CONFIDENTIALITY AND NON-CIRCUMVENTION portion of the MSE MOU, the negotiation of future contract sales to Kushco's customers falls under the definition of an "Affiliate of a Registered Party", for which additional Compensation is due us as Agents.  This is further supported under the "BUYER REGISTRATION" portion of the MSE MOU, which specifies that Agents "shall receive the Compensation from any and all Sale Transactions executed by a Registered Buyer or affiliate of such Registered Buyer, whether for one Sale Transaction or any series of one or more Sales Transactions".  Please let me also remind you that under that MSE MOU, "the Compensation shall be specified and included in any price quote given by Seller directly to any Registered Buyer."  In addition, from the COMPENSATION section of the MSE MOU, let us remind you, "No Sale Transaction between any Registered Buyer and Seller will take place under any circumstance that does not include payment of the Compensation."

So, to the extent you may have already entered into any Sale Transaction with Kuschco's customers, we request to be informed in writing thereof, specifying the nature and amount of such Sale Transaction, so that we may determine whether Compensation is presently due therefrom.  To the extent you may have entered into any prospective Sale Transaction with Kuschco's customers or are presently negotiating the same, or do so in the future, we request you provide us in writing the contemplated details of such Sale

Page 3 of 4

WATKINS DOCUMENT PRODUCTION 000006

Transaction so that we can work with you to determine an appropriate Compensation prior to the occurrence of such Sale Transaction or series of such Sale Transactions.

In Summary:

- We (Agents) are due Compensation of $330,000.00 on your revised invoice 1088 (Kushco's PO number PO10950).
- Agents are aware Kuscho has made payments on this invoice that Khona has received, and from which pro-rata portions of the Compensation due Agents was payable within 48 hours of Khona's receipt. Agents have not been provided records of such payments received by Khona, and when such payments were received, and Agents are formally requesting such records to determine the Compensation presently due from associated Kushco payments made to Khona.
- To the extent Khona and Kuschco are or have been negotiating the payment of all remaining balances due, please provide us (Agents) copies of any formal agreement between Kuschco and Khona that may have been reached, or in the absence thereof please provide us copies of any written correspondence between Kushco and Khona related thereto or otherwise to the timely resolution of these Compensation payments.
- To the extent you have entered into any Sale Transaction with Kuschco's customers, we (Agents) request to be informed in writing thereof, specifying the nature and amount of such Sale Transaction, so that we may determine Compensation due therefrom.
- To the extent you enter into any prospective Sale Transaction with Kuschco's customers or are presently negotiating the same, we request you provide in writing the contemplated details of such Sale Transaction so that we can determine and specify the Compensation due therefrom.

I know this communication is a lot to consider.  Again, our intent is to assist the payments due from Kuschco to Khona in any way possible, and to be sure everything is getting documented and clearly communicated in writing so that there is no confusion as to issues such as Compensation due, associated payment schedules, or any modifications to our existing MOU's and the entire balance of the remaining $330,000.00 due.

Thank you, I look forward to your response and answering any questions you may have.  With best regards,

Bruce Watkins
Manager
WileyGreen, LLC

Cc:    Anthony Smith, MSE Labs
       Joseph Polizzi (Agent)
       Danny Huong-Lay (Agent)

Page 4 of 4

WATKINS DOCUMENT PRODUCTION 000007

# EXHIBIT D

# About MC CBD USA.

## We are an experienced team that has more than a decade of collective experience.

We pride ourselves in providing our customers with world class products and service that meet the demands of the ever-growing industry. Today, we are positioned to scale with the rapidly growing CBD marketplace worldwide.

We gauge our success through customer trust & satisfaction and look forward to learning about your



HOME          PRODUCTS          WHOLESALE          PRIVATE LABEL          CONTACT

 ENGLISH ⌄



# THE TEAM.





### Chad Harman

Founder and CEO

### Matt Troyer

Founder and CMO

10/10/22, 9:24 AM



Contact Us

© 2022 MC CBD USA. All Rights Reserved.