IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00446-RM-STV

WILEYGREEN, LLC,

     Plaintiff

v.

KHONA LABS, LLC; STONEHAUS LABS, LLC; BALLINAF, LLC; MATTHEW TROYER;
and DOES 1-10,

     Defendants

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING REAL PARTY IN INTEREST**

Defendants Khona Labs, LLC, Stonehaus Labs, LLC, BallinAF, LLC, and Matthew

Troyer (collectively referred to herein as "Khona"), through their counsel, McFarland Litigation

Partners, LLC, respectfully submit this Defendants' Reply in Support of Motion for Partial

Summary Judgment Regarding Real Party in Interest and state as follows:

**PRELIMINARY STATEMENT**

Through its Response, Plaintiff WileyGreen, LLC ("WileyGreen") erroneously asserts

that because the contract at issue was entered into between only it and Khona, WileyGreen is the

only real party in interest such that it may recover <u>all</u> broker fees at issue in this case.  However,

this position by WileyGreen is contrary to Colorado law regarding real parties in interest as the

doctrine pertains to third-party beneficiaries and/or contract assignees.

Here, there can be no legitimate dispute that the Sales Transaction and Compensation

Notification ("Compensation Notification") letter highlighted by WileyGreen in its Response

was incorporated by reference into Khona and WileyGreen's contract.  As such, the other

brokers referenced in that letter, Dan Lay ("Lay") and Joe Polizzi ("Polizzi"), were third-party

1

beneficiaries of the Khona/WileyGreen contract since they were to directly receive, via wire transfers, a significant percentage of any broker fees generated through the transaction at issue involving payments from Khona.  It is equally clear that Lay and Polizzi were assignees of a large portion of any broker fees potentially due to WileyGreen.

As third-party beneficiaries and/or assignees, Lay and Polizzi are the real parties in interest with respect to any broker fees that they might be entitled to receive under the contract. Thus, WileyGreen is the real party in interest for <u>only</u> those broker fees that it would arguably have been paid under the contract.  It may not recover broker fees in this action that might be due to Lay and/or Polizzi.

### ARGUMENT

<u>**The Compensation Notification Was Incorporated by Reference into the Contract Between Khona and WileyGreen.**</u>

The MSE contract referenced in WileyGeeen's Response addresses the compensation due with respect to the payment of broker fees.   Specifically, it states that the "[p]ayment of the Compensation shall be made via electronic wire transfer to the bank information supplied" by WileyGreen.  *See* Resp, Ex. A to Ozanne Affidavit.  The Compensation Notification, attached to Khona's Motion for Partial Summary Judgment ("Motion") as Exhibit 2, is the "information supplied" by WileyGreen regarding the payment of broker fees that is referenced in the contact.

In Colorado, for an incorporation by reference to be effective, it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms.  *French v. Centura Health Corp.*, 509 P.3d 443, 449 (Colo. 2022).  Stated another way, for contract terms outside the four corners of the contract to be incorporated by reference into the contract, the terms to be incorporated must be clearly and expressly identified.  *Id.*

The Compensation Notification identifies who is to receive broker fees and states the formula for calculating such fees.  Exh. 2 at 2.  As such, the Compensation Notification was incorporated by reference into the contract between Khona and WileyGreen.

Here, it was clear that Khona and WileyGreen had knowledge of and assented to the Compensation Notification and its allocation of broker fees, as all such payments made by Khona were made in accordance with the terms set out in the notification, *viz.*, via electronic wire transfer to the accounts identified for Lay and Polizzi.  *See* Exh. 3 to Motion at 2-3.  Moreover, WileyGreen never objected to Khona's payment of broker fees directly to Lay and Polizzi pursuant to the Compensation Notification or otherwise took the position that such payments were improper.

Khona does not dispute that the contract at issue is comprised of (1) its contract with WileyGreen (Exh. 1 to Khona's Motion), as well as (2) the MSE contract (Exh. A to Ozanne Aff.), and (3) the Compensation Notification (Exh. 2 to Khona's Motion), as they were incorporated by reference into its contract with WileyGreen.  Moreover, in its Response, WileyGreen admits that the Compensation Notification was incorporated by reference into the contract between it and Khona where it states, in pertinent part, that "[t]he body of contracts incorporat[e] the MSU [contract] and [the] Compensation Notification. . . ."  Resp. at 4.

Given that the Compensation Notification (dated July 30, 2019) was provided by WileyGreen just four days after the contract between it and Khona was signed on July 26, 2019 (which incorporated by reference the MSE contract), both Khona and WileyGreen knew, before any broker fees were paid, that Lay and Polizzi were to directly receive a significant portion of any broker fees derived through the contract.  It is inarguable that the contract incorporated the Compensation Notification by reference.

**<u>Lay and Polizzi Are Third-Party Beneficiaries of the Contract and/or Assignees of Broker Fees, Which Renders Them the Real Parties in Interest Regarding Any Broker Fees Due to Them.</u>**

A person not a party to an express contract may bring an action on the contract if the parties to the agreement intended to benefit the non-party where the benefit claimed is a direct and not merely an incidental benefit of the contract. *S K Peightal Engineers, LTD v. Mid Valley Real Estate Solutions LLC*, 342 P.3d 868, 873-74 (Colo. 2015). The intent to benefit the non-party must be apparent from the terms of the agreement, the surrounding circumstances, or both. *Perrish Chiro. Centers, P. C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1056 (Colo. 1994). Colorado law recognizes that contracts often intend to benefit and give rights to third parties and that those third parties can enforce a contractual obligation without being a party to the contract. *Forest City Stapleton, Inc. v. Rogers*, 393 P.3d 487, 489 n. 5 (Colo. 2017).

The real party in interest inquiry is who possesses the right to assert the claim. *CO2 Committee Inc. v. Montezuma County,* 491 P.3d 516, 530 (Colo. App. 2021). Here, Lay and Polizzi, as third-party beneficiaries, are the parties who possess the right to assert claims for any broker fees that they might be entitled to receive under the contract at issue. Further, WileyGreen has no right to recover or otherwise receive Lay and Polizzi's broker fees under the contract.

This result tracks the facts of this case where WileyGreen has never received any payments due to Lay or Polizzi pursuant to the contract. Instead, those payments have been made directly to Lay and Polizzi by Khona via wire transfers to their accounts. *See* Exh. 3 to Khona's Motion at 2-3.

In addition, Lay and Polizzi are assignees of a portion of WileyGreen's broker fees under the contract. *Oasis Legal Finance Group, LLC v. Coffman*, 361 P.3d 400, 410 (Colo. 2015)

(stating that an assignment transfers rights and puts the assignee in the assignor's shoes) *citing* Black's Law Dictionary 136 (defining "assignment" as a "transfer of rights or property"). Specifically, the language of the Compensation Notification clearly states that WileyGreen assigned $4.00/lb of its $7.50/lb to Lay and Polizzi. *See* Exh. 2 to Motion at 2. As assignees, Lay and Polizzi are deemed the real parties in interest as to the portion of fees assigned to them. *CO2 Committee,* 491 P.3d at 530 (stating that an assignee of a claim is the real party in interest).

Therefore, regardless of whether Lay and Polizzi are determined to be third-party beneficiaries of the contract between Khona and WileyGreen or assignees of a portion of WileyGreen's broker fees, the result is the same: Lay and Polizzi are the real parties in interest with respect to any broker fees that they might be entitled to recover.

Contrary to WileyGreen's assertion that Khona was to pay it the "full amount of $7.50 per pound," Resp. at 2, as per the contract (which incorporated by reference the Compensation Notification), Khona was actually to pay WileyGreen only $3.50 per pound. *See* Exh. 2 to Khona's Motion at 2. As noted above, the other $4.00 per pound was to be paid by Khona directly to Lay and Polizzi. *Id.* Indeed, WileyGreen's Response acknowledges that it was not to receive the full amount of the broker fees when it states "[t]his payment arrangement, directing the total compensation into three separate payments at [WileyGreen's] written instructions, was fully permissible under the contract[] between" Khona and WileyGreen. Resp. at 2.

Thus, WileyGreen is the real party in interest with respect to only the broker fees it was to receive under the contract. Lay and Polizzi are the real parties in interest who may make a claim for any other broker fees to which they might be entitled under the contract. Therefore, under these circumstances, it is clear that WileyGreen may only recover the amounts due to it

under the contract, or $3.50/lb., and that Lay and Polizzi are the real parties in interest with

respect to the other broker fees, totaling $4.00/lb.

## CONCLUSION

For the reasons stated herein and as set out in Khona's Motion, the Court should enter an

Order stating that WileyGreen is not the real party in interest with respect to any broker fees that

might be due to Lay and/or Polizzi pursuant to the contract between Khona and WileyGreen.

Dated this 29th day of November, 2022.

Respectfully submitted,

**MCFARLAND LITIGATION PARTNERS, LLC**

s/ *Frederick T. Winters*
Frederick T. Winters
Cyd Hunt
M. Gabriel McFarland

910 13th St., Suite 200
Golden, Colorado 80401
303.279.8300
fwinters@mcfarland.law
cyd@mcfarland.law
gabe@mcfarland.law

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REAL PARTY IN INTEREST** has been filed with the Clerk of Court using the CM/ECF system with a copy served upon the following:

**DAWSON & OZANNE**
Brendan Ozanne
brendan@dawson-ozanne.com

s/*Baylee L. Reinstein*
Baylee L. Reinstein

7