IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00446-RM-STV

WILEYGREEN, LLC, a South Dakota limited liability company,

    Plaintiff,

v.

KHONA LABS, LLC, a Colorado limited liability company,
STONEHAUS LABS,
BALLINAF, LLC,
MATTHEW TROYER, and
DOES 1-10,

    Defendants.

---

# ORDER

---

Before the Court is Defendants' Motion for Partial Summary Judgment Regarding Real Party in Interest (ECF No. 76), seeking an Order stating that Plaintiff is not the real party in interest with respect to any damages that might by owed to nonparties Don Lay and Joe Polizzi. The Motion has been fully briefed (ECF Nos. 78, 81) and is denied for the reasons below.

**I.  BACKGROUND**

In July 2019, Plaintiff and Defendant Khona Labs, LLC ("Khona") signed a memorandum of understanding ("MOU") by which Plaintiff agreed to facilitate sales of Khona's hemp products to registered buyers in exchange for compensation. The MOU incorporated by reference another memorandum of understanding between Plaintiff and another entity associated with Khona known as MSE Labs, LLC.

In the compensation notification letter Plaintiff sent to Khona on July 30, 2019, Plaintiff claimed it was entitled to $750,000 in compensation based on a registered buyer's purchase of 100,000 pounds of products. The letter directs that the compensation be paid in three disbursements: $350,000 to Plaintiff and $200,000 each to Messrs. Lay and Polizzi. To date, Khona has paid only a portion of these amounts.

Plaintiff filed this lawsuit in February 2020, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit, and fraudulent transfer. In their Motion, Defendants assert that the "real party in interest" doctrine precludes Plaintiff from recovering any amounts that might be owed to the other nonparties.

## II.     LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the

matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

### III.   ANALYSIS

"The real party in interest is that party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question." *Goodwin v. Dist. Ct.*, 779 P.2d 837, 843 (Colo. 1989). Defendants contend that Messrs. Lay and Polizzi were "independent brokers involved in the contract with Khona" (ECF No. 76 at 3) but fail to adduce any evidence of a contractual relationship with the nonparties or assert any other basis by which they could invoke the aid of the court. Nor have Defendants established that the terms of the compensation notification letter were incorporated into the contractual relationship between Plaintiff and Khona. In the absence of evidence establishing the lack of a genuine issue of material fact, the Court declines to find at this stage that the nonparties are the real parties in interest with respect to any part of Plaintiff's claims.

Defendants also contend that Plaintiff has no contractual right to recover damages purportedly due to the nonparties. But on the current record, it is far from clear that Plaintiff has relinquished any right to compensation it might have acquired merely because it directed Khona to disburse payments to the nonparties. Nor have Defendants shown that Plaintiff does not have the right to invoke the aid of this Court regarding the entire amount of compensation it believes it

is entitled to under the operative agreements or under the legal theories which might support its claims.

The Court further finds that Defendants have not established that the nonparties are third-party beneficiaries of Khona's contractual relationship with Plaintiff. They certainly have not adduced evidence by which such a relationship is expressly apparent. But even if they could establish such a relationship, Colo. R. Civ. P. 17(a) permits even "a party with whom or in whose name a contract has been made for the benefit of another . . . may sue in his own name without joining with him the party for whose benefit the action is brought." Thus, even if Defendants could establish these nonparties are third-party beneficiaries or have some basis to bring claims of their own, Defendants have not established that Plaintiff is not the real party in interest with respect to the claims it asserts in this case.

The Court also finds that Defendants have not established that the compensation notification letter is incorporated into the operative agreements by reference or that the nonparties are assignees of Plaintiff's rights under the operative agreements. In any event, Defendants' contention that the nonparties are assignees of any compensation potentially due to Plaintiff is also unavailing because Defendants have not shown that Plaintiff, having initially directed Khona to pay the nonparties, has assigned its right to assert the claims it brings against the various Defendants. Moreover, Defendants cite no authority or developed argument for the proposition that Plaintiff is now somehow precluded from receiving any amounts to which it prevails in showing it is entitled.

### IV. CONCLUSION

Accordingly, the Court DENIES Defendants' Motion (ECF No. 76).

DATED this 8th day of February, 2023.

                                                BY THE COURT:

                                                _____
                                                RAYMOND P. MOORE
                                                United States District Judge